```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                         :           21-MC-642 (JMF)
IN RE RICHARD HANS GILLICH,                              :
                                                         :        MEMORANDUM OPINION
                                     Plaintiff.          :            AND ORDER
                                                         :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On August 10, 2021, the Clerk of Court opened this Miscellaneous case filed by Richard Hans Gillich, who is proceeding without counsel. Gillich's submission is, to put it mildly, hard to understand and almost certainly fails to comply with the dictates of Rule 8 of the Federal Rules of Civil Procedure, which mandates "a short and plain statement of the claim showing that the pleader is entitled to relief" and allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1); *see, e.g.*, *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised"); *Bardwil Indus. Inc. v. Kennedy*, No. 19-CV-8211 (NRB), 2020 WL 2748248, at *4 (S.D.N.Y. May 27, 2020) (dismissing a claim where the defendant was "left to guess not only which factual contentions are asserted against him, but also which of those contentions are the basis for [the] plaintiff's claim" and noting that "[s]uch guesswork is antithetical to the fair notice that Rule 8 requires" (internal quotation marks omitted)); *Infanti v. Scharpf*, No. 06-CV-6552, 2008 WL 2397607 (ILG), at *2 (E.D.N.Y. June 10, 2008) ("It is not the duty of . . . [D]efendants or this Court to sift through the Complaint and guess which factual allegations support which claims."); *Lee v. United States*, No. 00-CV-4163 (GEL), 2000 WL 1597852, at *2 (S.D.N.Y. Oct. 26, 2000) (Lynch, J.) (dismissing a complaint on the ground that it was "diffuse and incoherent").

But the submission suffers from a more immediate, threshold defect: Although it is hard to understand what claims the submission is bringing, any such claims do not appear to fall within the categories of cases that may be filed on the Miscellaneous docket, which is subject to a lower filing fee than a case filed on the regular Civil docket ($49 versus $402). *See* https://nysd.uscourts.gov/programs/fees. Accordingly, the case is DISMISSED without prejudice to refiling the case as a new Civil case along with the filing fee applicable to a new Civil case (with credit for whatever Plaintiff paid in connection with the filing of this case).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Dated: August 12, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge